```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                    )
NORMAND BEDFORD-BEAULIEU,            )
                                    )
         Petitioner,                 )
                                    )
    v.                               )   C.A. No. 22-359 WES
                                    )
STATE OF RHODE ISLAND,               )
                                    )
         Respondent.                 )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, District Judge.

Before the Court is Respondent's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus, ECF No. 5. Respondent argues that the petition is time-bared under 28 U.S.C. § 2244(d)(1). For the reasons that follow, the Motion is GRANTED.

I. Facts and Travel

This is pro se Petitioner Normand Bedford-Beaulieu's[1] second Petition for Writ of Habeas Corpus. His first petition was dismissed for failure to exhaust state court remedies.[2]  C.A.

---

[1] In the state court records, Petitioner is referred to as "Norman Bedford" or "Norman L. Bedford." In this case, however, he exclusively refers to himself as "Normand Bedford-Beaulieu," and, therefore, the Court refers to him as such.

[2] That petition challenged two convictions: the 2011 conviction at issue and a 2017 felony assault conviction that is not presently challenged.  C.A. No. 18-cv-467, Compl., ECF No. 1.

No. 18-cv-467-WES, Mem. & Order 5, ECF No. 48. The First Circuit affirmed. Beaulieu-Bedford v. R.I. Dep't of Corrs., No. 19-1827, 2021 WL 9541604 (1st Cir. Nov. 16, 2021). Petitioner brings this second petition challenging his 2011 conviction for first-degree child molestation, arguing that the conviction and sentence are illegal, null and void, and were entered without jurisdiction.[3] See Pet'r's Mem. Supp. 3, ECF No. 1-1.

The crime underlying the 2011 conviction occurred in 1996. RX1, ECF No. 5-1. In 1998, following a trial in a Rhode Island Superior Court, a jury convicted Petitioner of one count of first-degree child molestation and one count of second-degree child molestation. Id. Petitioner was sentenced to forty years at the Adult Correctional Institutions ("A.C.I."), twenty years to serve, the balance suspended with probation for the first-degree child molestation conviction and twenty years at the A.C.I., ten years to serve, the balance suspended with probation for the second-degree child molestation conviction. Id.

However, on November 23, 2010, the Rhode Island Supreme Court vacated the 1998 conviction and remanded the case for a new trial, accepting the State's confession of error that Petitioner had been

---

[3] Petitioner also argues that the Rhode Island Supreme Court erred in denying his petition for writ of certiorari, motion to appoint counsel, and motion to proceed in forma pauperis and further erred in subsequently denying his motion for rehearing. Petition 1, ECF No. 1.

denied his Sixth Amendment right to counsel during closing arguments at trial. RX2, ECF No. 5-2. Thereafter, on October 3, 2011, Petitioner entered a nolo contendere plea to the first-degree molestation charge and was sentenced to twenty-five years at the A.C.I., fourteen years to serve, the balance suspended with probation.[4] RX3, ECF No. 5-3. Petitioner did not seek to withdraw his plea and did not file a direct appeal. See id. On February 3, 2012, Petitioner filed a motion to modify his sentence; but, it appears that he withdrew the motion shortly thereafter, before it was ruled on. See id.

On April 27, 2017, Petitioner filed a Post-Conviction Relief Application ("PCR Application") alleging violation of the Rhode Island and United States Constitutions, which the Superior Court dismissed on October 22, 2019. RX4, ECF No. 5-4. Petitioner then filed a petition for writ of certiorari with the Rhode Island Supreme Court. The Rhode Island Supreme Court denied the petition on January 21, 2020, R.I. Supreme Court Order, ECF No. 6-3, and subsequently denied his petition for rehearing on March 6, 2020,

---

[4] The State dismissed the second-degree child molestation charge. RX3.

R.I. Supreme Court Order, ECF No. 6-7.[5]

II. Discussion

Section 2244(d)(1) sets forth the time limits placed on the filing of habeas petitions. The statute provides that a habeas petition must be filed within one year of the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

---

[5] Petitioner filed his first habeas petition on August 24, 2018, which was denied on July 29, 2019, and the First Circuit affirmed on November 11, 2021. Because this first petition was not adjudicated on the merits, the current petition is not a "second or successive" petition. See Slack v. McDaniel, 529 U.S. 473, 487 (2000); see also Riva v. Ficco, 615 F.3d 35, 38 n.1 (1st Cir. 2010).

> review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). Subsection (A) is relevant to the present petition.

Section 2244(d) further provides that the 1-year period for filing can be tolled. Specifically, it provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2).

Here, Petitioner's 2011 conviction became final in October of 2011. See R.I. R. App. P. 4(b) ("In a criminal case the notice of appeal by a defendant shall be filed with the clerk of the Superior Court within twenty (20) days after the entry of the judgment."). Petitioner filed his PCR application five years and six months later.[6] Thus, because the one-year time limit elapsed long before Petitioner filed his PCR application, his current petition is untimely — filing an application for State post-conviction relief <u>tolls</u> the running of the time limit, but it <u>does not remove</u> the

---

[6] The Court need not consider whether Petitioner's motion to modify his sentence tolled the running of the statute of limitations as, upon information and belief, it was pending for only ninety-one days and therefore could not make this petition timely. See RX3; Mot. Dismiss 6, ECF No. 5.

5

requirement of timeliness.

Even if the one-year limit was tolled until the Rhode Island Supreme Court denied Petitioner's petition for rehearing on March 6, 2020, the petition is untimely as it has been well over two years since that denial.

Petitioner's only argument in support of the timeliness of his petition relates to the time that has elapsed since the Rhode Island Supreme Court denied his petition for rehearing. Specifically, he argues that the COVID-19 pandemic and associated hardships prevented him from filing his petition within a year of the court's denial. Mem. Supp. Obj. Mot. Dismiss 4, ECF No. 8-1. Even assuming Petitioner can meet the standard for equitable tolling, see Holland v. Florida, 560 U.S. 631, 649 (2010) ("petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" (internal quotation marks omitted)), because he has not presented a reason to toll the time between his 2011 conviction and 2017 PCR application, he cannot prevail.

III. Conclusion

Respondent's Motion to Dismiss, ECF No. 5, is GRANTED and Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is DENIED and DISMISSED.

RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability (COA) because Beaulieu-Bedford has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2). Beaulieu-Bedford is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See Rule 11(a), Rules Governing § 2254 Proceedings.

IT IS SO ORDERED.

_/s/ William E. Smith_
William E. Smith
District Judge
Date: February 7, 2023